By the Court.*-Monell, J.
The only question in tin’s case is, whether the mere production of the bond and mortgage was sufficient evidence of default in the payment of interest to authorize a judgment declaring .the whole principal sum secured by the mortgage to be .due and immediately payable.
It was conceded that ordinarily no other or further proof would be necessary ; but it was attempted to distinguish this case ; and it was insisted that where a mortgagee designs to avail himself of a breach of a covenant, .and to claim the whole principal to be due by reason of the non-payment of interest, he must show default by *243 other proof. In other words, that he must prove that the interest has not "been paid.
It is a general principle that written instruments for the payment of money require no proof of default, and the burden of showing there has been no default rests upon the party charged with the default. In actions, therefore, for the recovery of money alleged to be due upon a written instrument, the production of the instrument and giving it in evidence is all the proof required, and the affirmative of showing there is nothing due lies upon the defendant.
I am unable to distinguish the case before me from the ordinary case. The proof required in any case is, that default has been made in the payment of interest. All that need be proved in any case, is, such default; and so far as regards the proof, the consequences of the default are quite immaterial. Therefore, if the production of a bond and mortgage is sufficient proof, in a common case, that the interest is unpaid, and will authorize a judgment for such interest, then the same proof will be sufficient as the foundation for any further judgment appropriate to the case. If it appears from the bond that the pay day has passed, this is presumptive evidence that the interest is due and unpaid. Anything tending to discharge the obligation must be averred by the defendant,- who necessarily holds the affirmative of the issue. Ei incumbit probatio qui clicit, non qui negat.
The covenant in the mortgage is, that if any default be made in the payment of interest, and such default continue for thirty days, the mortgagee may elect to have the whole principal become due. I do not see that any other proof than such as was offered in this case could have been required. A mortgagee, to avail himself of a breach of a covenant, cannot be required to prove a negative.
I think the judgment should be affirmed, with costs.
Judgment affirmed.

Present, Monell, Garvin and Jones, .JJ.